IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | NO. 3:15-CR-247-L |
| YONNIE WU | |

## PLEA AGREEMENT

Yonnie Wu, the defendant, Jeffry Grass, the defendant's attorney, and the United States of America (the government), agree as follows:

1. **Rights of the Defendant:** Wu understands that he has the following rights:

   a. to plead not guilty;

   b. to have a trial by jury;

   c. to have his guilt proven beyond a reasonable doubt;

   d. to confront and cross-examine witnesses and to call witnesses in his defense; and

   e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty:** Wu waives these rights and pleads guilty to the offense alleged in Count One of the Information charging a violation of 21 U.S.C. § 844, that is possession of a Schedule III controlled substances, to-wit: anabolic steroids, outside the usual course of professional medical practice and not for a legitimate medical purpose, in violation of 21 U.S.C. § 844. Wu understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. <u>Sentence:</u> The maximum penalties the Court can impose for Count One of the Information include:

    a. No imprisonment time to be served;

    b. fine not to exceed $5,000.00, or twice any pecuniary gain to Sanders or loss to the victim(s);

    c. a term of supervised release of not more than 6 months, which may be mandatory under the law and will follow any term of imprisonment. If Wu violates the conditions of supervised release, she could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $25.00;

    e. restitution to victims or to the community, which Sanders agrees will include restitution arising from all relevant conduct, and not limited to that arising from the offense of conviction alone; and

    a. costs of incarceration and supervision.

4. <u>Court's Sentencing Discretion and Role of the Guidelines</u>: Wu understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Wu has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Wu understands that he will not be allowed to withdraw his plea if the applicable advisory guideline range is higher than expected, or if the Court departs from the applicable advisory guideline range. Wu will not be allowed to withdraw his plea if his sentence is higher than expected. Wu fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely left to the discretion of the Court.

5. **Mandatory special assessment**: Wu agrees to pay to the U.S. District Clerk the amount of $25.00, in satisfaction of the mandatory special assessment in this case.

6. **Defendant's Agreement**: Wu shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Wu shall submit a personal financial statement under oath and submit to interviews by the Government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Wu expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate his ability to satisfy any financial obligation imposed by the Court. Wu fully understands that any financial obligation imposed by the court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Wu agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Wu's full and immediately enforceable financial obligation. Wu understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the court.

7. **Forfeiture**: The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause. The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any applicable statutes of limitation,

and any requirements (including notice of forfeiture) set out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure. The defendant agrees to provide truthful information and evidence necessary for the government to forfeit such property. The defendant agrees to hold the government, its officers, agents, and employees harmless from any claims whatsoever in connection with the seizure, forfeiture, storage, or disposal of such property.

8. <u>Government's Agreement</u>: The Government will not bring any additional charges against Wu based upon the conduct underlying and related to Wu's plea of guilty. The Government will dismiss, after sentencing, any remaining charges in the pending Indictment and Information. The Government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Wu or any property.

9. <u>Violation of Agreement</u>: Wu understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Wu and others for all offenses of which it has knowledge. In such event, Wu waives no objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a

finding that it was involuntary, Wu also waives no objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10. **Voluntary Plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Waiver of Right to Appeal or Otherwise Challenge Sentence**: Wu waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Wu reserves the rights (a) to bring a direct appeal (i) of a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

12. **Representation of Counsel**: Wu has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Wu has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Wu has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

13. <u>Entirety of Agreement</u>: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

Agreed to and signed this 24 day of September, 2015.

 

_____
RICK CALVERT
Deputy Criminal Chief

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____
P.J. MEITL
Assistant United States Attorney
District of Columbia Bar No. 502391
Virginia Bar No. 73215
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: (214) 659-8680
Facsimile: (214) 659-8812
Email: philip.meitl@usdoj.gov

_____
YONNIE WU
Defendant

_____
JEFFREY GRASS
Attorney for Defendant

# **CERTIFICATE**

      I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney. I fully understand it and voluntarily agree to it.

_____        09/25/2015
YONNIE WU                                      Date
Defendant


      I am the Defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____        09/25/2015
JEFFREY GRASS                              Date
Attorney for Defendant